# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Dorian Brown,** | ) | **CASE NO. 1:19 CV 1712** |
| **Plaintiff,** | ) | **JUDGE PAMELA A. BARKER** |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Armond Budish,** *et al.*, | ) | |
| **Defendants.** | ) | |

## INTRODUCTION

*Pro se* Plaintiff Dorian Brown filed this action under 42 U.S.C. § 1983 against Cuyahoga County Executive Armond Budish, and MetroHealth Director of the Cuyahoga County Correctional Center Mr. Thompkins. In the Complaint, Plaintiff alleges he was injured when he assisted another detainee and was denied medical care. He seeks monetary damages.

## BACKGROUND

Plaintiff states he was in a holding cell awaiting a court appearance on July 17, 2019. He contends detainee Mr. Freeman was arguing with a corrections officer and demanding immediate medical attention for chest pains. When the officer opened the door to serve lunch to the detainees, Freeman sat in the doorway and refused to move until he received medical attention. Another corrections officer approached Freeman and asked him to get up so that medical personnel could be summoned. Freeman agreed and asked

for assistance in getting to his feet. Plaintiff indicates he offered Freeman his hand to pull himself up, as Freeman was an older gentleman. Plaintiff contends that while he still was holding Freeman's hand, the officer pushed Freeman causing Freeman and Plaintiff to fall to the floor. The sergeant on duty asked Plaintiff if he required medical treatment and Plaintiff declined it. Plaintiff claims he awoke the next day feeling pain in his back and neck. He claims he has sent kites and grievances but was denied medical treatment.

**STANDARD OF REVIEW**

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-

me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

"The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Baker v. Goodrich*,649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Pretrial detainee claims, though they fall under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment, *City of Revere v. Mass. Gen. Hosp.*,463 U.S. 239, 244 (1983), are analyzed under the same rubric as Eighth Amendment claims brought by prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir.1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing

the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley*, 475 U.S. at 319. Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In this case, Plaintiff fails to establish the subjective element of his claims. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Plaintiff does not allege facts reasonably suggesting that the County Executive or the MetroHealth Director for the Cuyahoga County Corrections Center were personally aware of Plaintiff's situation, that they drew the inference that his health may have been at risk and disregarded that risk in their actions. He did not state a claim for relief against them under the Eighth or Fourteenth Amendments.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

4

**IT IS SO ORDERED.**

Date:  10/25/2019

*S/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE